IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KERR MACHINE CO., <br><br> Plaintiff, <br><br> v. <br><br> VULCAN INDUSTRIAL HOLDINGS, LLC; <br><br> Defendant. | CIVIL ACTION NO. 6:20-cv-200 <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR**
**PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Kerr Machine Co. files this Original Complaint for Patent Infringement and Jury Demand against Defendant Vulcan Industrial Holdings, LLC ("Vulcan Industrial"). Plaintiff alleges infringement of United States Patent Number 10,591,070 (the "'070 Patent") as follows:

**Parties**

1.  Plaintiff Kerr Machine Co., doing business as Kerr Pumps (hereinafter Plaintiff will be referred to as "Kerr Pumps") is a corporation organized and existing under the laws of Oklahoma, with its principal place of business at 2214 West 14th Street, Sulphur, OK 73086.

2.  Defendant Vulcan Industrial is a company organized and existing under the laws of Delaware, with its principal place of business at 1990 Post Oak Boulevard, Suite 2400, Houston, TX 77056.

3.  Defendant Vulcan Industrial maintains a regular and established place of business and does business in Texas and in the Western District of Texas, *inter alia*, at its Service Center at 2107 East County Road 130, Building 5, Midland, TX 79706.

4. By having a headquarters located in Texas and by having facilities where it regularly conducts business in this District, Defendant Vulcan Industrial has a permanent and continuous presence in Texas and an established place of business in the Western District of Texas.

## Jurisdiction

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

6. This Court has personal jurisdiction over Defendant because, directly or through intermediaries, it has committed acts within the District giving rise to this action and/or has established minimum contacts with the District such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

7. Defendant has committed acts of infringement of the '070 Patent within this District by making, using, selling, offering for sale, and/or importing in or into this District products that have the same construction as the claimed fluid end assembly of the '070 Patent, have the same construction as the claimed system of the '070 Patent, and made by practicing the claimed methods of the '070 Patent. Defendant has also placed, and is continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in the State of Texas, including this District.

8. Defendant has derived substantial revenues from its infringing acts in this District, including from its manufacturing and sale of infringing products in the United States.

## Venue

9. Venue is proper against Vulcan Industrial in this District pursuant to 28 U.S.C. § 1400(b) because Vulcan Industrial has committed acts of infringement in the District and has a

regular and established place of business in the District. *In re Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

### United States Patent Number 10,591,070

10. On March 17, 2020, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,591,070 ("the '070 patent") titled, "Sealing High Pressure Flow Devices." A true and correct copy of the '070 Patent is attached as Exhibit A.

11. The '070 Patent was filed on September 18, 2019 as patent application serial number 16/574,918 and was published as United States Patent Application Publication US 2020/0011434 A1 on January 9, 2020.

12. The '070 Patent is a divisional application of application serial number 15/719,124, filed on September 28, 2017.

13. Application serial number 15/719,124 is a continuation-in-part application of application serial number 15/280,642, which was filed on September 29, 2016.

14. The '070 Patent claims patent-eligible subject matter and is valid and enforceable.

15. The named inventors of the '070 Patent are Mark S. Nowell, Kelcy Jake Foster, Michael Eugene May, Brandon Scott Ayres, Christopher Todd Barnett, Michael Cole Thomas, and Guy J. Lapointe.

16. The named inventors conveyed to Kerr Pumps all rights, title, and interest in and to the invention of the '070 Patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded in the United States Patent and Trademark Office.

17. Kerr Pumps is the exclusive owner by assignment of all rights, title, and interest in the '070 Patent, including the right to bring this suit for injunctive relief and damages, and

including the right to sue and recover all past, present and future damages for infringement of the '070 Patent.

17. Defendant has been on notice of the '070 Patent since the date of publication of United States Patent Application Publication US 2020/0011434 A1 on January 9, 2020.

## The Accused Instrumentalities

19. Defendant makes, uses, sells, and/or offers to sell in the United States and/or imports into the United States fluid ends for use in the oil and gas industry.

20. Hereafter, the term "Accused Instrumentalities" refers to all products manufactured by Defendant practicing the '070 Patent and all processes employed by Defendant that practice the '070 Patent, including at least the fluid ends sold under the brand name Icon Evo.

## Count 1
(Vulcan Industrial's Infringement of the '070 Patent)

21. Kerr Pumps repeats and re-alleges the allegations in the preceding paragraphs as if fully set forth herein.

22. The Accused Instrumentalities include a fluid end assembly. The fluid end assembly includes a housing having a first conduit extending therethrough. The fluid end assembly further includes a second conduit extending therethrough that intersects the first conduit. The fluid end assembly includes an endless groove formed in the housing such that the groove surrounds the first conduit. The fluid end assembly has a seal positioned within the groove. The fluid end assembly has a tubular sleeve installed within the second conduit such that at least a portion of the sleeve engages the seal. The fluid end assembly has a plurality of packing seals disposed within the sleeve. The fluid end assembly has a reciprocating plunger disposed at least partially within the sleeve and the plurality of packing seals.

23. The Accused Instrumentalities, for example, include the Icon Evo fluid end. Vulcan Industrial's advertising materials showing the Icon Evo fluid end are attached as Exhibit B.

24. Vulcan Industrial's advertising materials of the Icon Evo fluid end shows a housing having a first conduit extending therethrough, and a second conduit extending therethrough that intersects the first conduit.

25. Vulcan Industrial's advertising materials of the Icon Evo fluid end shows an endless groove formed in the housing such that the groove surrounds the second conduit.

26. Vulcan Industrial's advertising materials of the Icon Evo fluid end shows a seal positioned within the groove.

27. Vulcan Industrial's advertising materials of the Icon Evo fluid end shows a tubular sleeve installed within the second conduit such that at least a portion of the sleeve engages the seal.

28. Vulcan Industrial's advertising materials of the Icon Evo fluid end shows a plurality of packing seals disposed within the sleeve.

29. Vulcan Industrial's advertising materials of the Icon Evo fluid end shows a reciprocating plunger disposed at least partially within the sleeve and the plurality of packing seals.

30. Defendant has directly infringed and continues to directly infringe the '070 Patent, in violation of 35 § U.S.C. 271(a) & (g) by making, using, selling, offering to sell, and/or importing in or into the United States Accused Instrumentalities and other products that include the elements claimed in or equivalent to the '070 Patent as described above, including at least claim 6 of the '070 Patent.

31. In addition to the foregoing and/or in the alternative, Defendant is liable as a contributory infringer of the '070 Patent under 35 U.S.C. § 271(c). Defendant has offered to sell and/or sold within the United States services for manufacturing and designs for the Accused

Instrumentalities that practice the '070 Patent. The Accused Instrumentalities comprise fluid ends and parts for fluid ends, each of which constitutes a material part of the '070 Patent's invention.

32. Moreover, Defendant's infringement of the '070 patent was willful. At least by January 9, 2020, Vulcan Industrial had constructive notice of the '070 Patent. Nevertheless, without authorization, Vulcan Industrial continued to infringe the '070 patent in the manners described above, both directly and through its agents, including by, on information and belief, making, using, offering for sale, selling, and/or importing the Accused Instrumentalities.

33. Defendant's acts of infringement have caused damage to Kerr Pumps, and Kerr Pumps is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

34. Defendant's infringement of Kerr Pumps's exclusive rights under the '070 Patent has caused Kerr Pumps irreparable harm for which there is no adequate remedy at law, unless the infringement is enjoined by this Court.

## Demand for Jury Trial

35. Kerr Pumps hereby demands a jury trial for all issues so triable.

## Prayer for Relief

WHEREFORE, Kerr Pumps prays for judgment as follows:

A. Declaring that Vulcan Industrial has infringed the '070 Patent, contributed to the infringement of the '070 Patent, and/or induced the infringement of the '070 Patent;

B. Awarding damages arising out of Vulcan Industrial's infringement of the '070 Patent, including enhanced damages pursuant to 35 U.S.C. § 284 and a compulsory future royalty until expiration of the '070 Patent, to Kerr Pumps, together with prejudgment and post-judgment interest, in an amount according to proof;

C. Permanently enjoining pursuant to 35 U.S.C. § 283 Vulcan Industrial, its officers, agents, and employees, and those persons in active concert or participating with any of them, and its successors and assigns, from infringement, inducement of infringement, and contributory infringement of the '070 Patent, including but not limited to making, using, selling and/or offering for sale within the United States or importing into the United States, any devices, products, software, or methods that infringe the '070 Patent before the expiration of the '070 Patent;

D. Awarding attorneys' fees to Kerr Pumps pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

E. Awarding such other costs and further relief as the Court may deem just and proper.

Dated: March 19, 2020

Respectfully submitted,

By: /s/ *Brian D. Melton*
Brian D. Melton (Texas 24010620)
Daniel A. Wilson (Texas 24070859)
Thomas V. DelRosario (Texas 24110645)
(*pro hac vice*)
SUSMAN GODFREY LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
dwilson@susmangodfrey.com
tdelrosario@susmangodfrey.com

**COUNSEL FOR KERR MACHINE CO.**