# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **KERR MACHINE CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:20-CV-200-ADA** |
| | § | |
| **VULCAN INDUSTRIAL HOLDINGS,** | § | |
| **LLC, VULCAN ENERGY SERVICES,** | § | |
| **LLC, and CIZION, LLC d/b/a VULCAN** | § | |
| **INDUSTRIAL MANUFACTURING,** | § | **JURY TRIAL DEMANDED** |
| **LLC** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' OPPOSED MOTION TO STAY LITIGATION
## PENDING THE OUTCOME OF THE PENDING
## POST-GRANT REVIEW PROCEEDING
## <u>BEFORE THE PATENT TRIAL AND APPEAL BOARD</u>

## TABLE OF CONTENTS

A STAY IS UNIQUELY APPROPRIATE IN THIS CASE ............................................................. 3

I.      Certification Pursuant To W.D. Tex. Local R. CV-7(i) ........................................................ 3

II.     *All* Of The '070 Patent's Claims Are Likely To Be Cancelled By The PTAB ................... 3

III.    Congress Specifically Created PGRs To Permit Early Patent Challenges *Before* Protracted Litigation Ensues ............................................................................... 6

IV.    *All* Of The Traditional Factors Strongly Favor A Stay Here ............................................. 8

        A.      A stay will not unduly prejudice or tactically disadvantage Kerr ........................... 8

             1.      Vulcan filed its PGR petition almost immediately after Kerr filed this lawsuit ..................................................................................... 8

             2.      Vulcan filed this motion soon after Vulcan filed its PGR petition .............. 9

             3.      Staying this case now will avoid duplicating the most burdensome stages of the litigation ...................................................................... 9

             4.      Kerr has many competitors in the fluid end industry ................................. 9

        B.      This case is still in its very early stages ................................................................ 10

        C.      A stay will greatly simplify the issues in this lawsuit ........................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*RetailMeNot Inc. v. Honey Sci. LLC*, C.A. No. 18-937-CFC-MPT,
2020 WL 373341 (D. Del. Jan. 23, 2020) ............................................................................. 8, 10

*SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018) ........................................................................ 10

*SZ DJI Tech. Co. v. Yuneec Int'l Co.*, No. CV 16-0595-BRO (KKX),
2016 WL 9114148 (C.D. Cal. Dec. 1, 2016) ............................................................................ 10

*Tinnus Enters. LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL,
2017 WL 379471 (E.D. Tex. Jan. 24, 2017) .......................................................................... 8, 10

**Statutes**

35 U.S.C. § 311(b) ........................................................................................................................ 7

35 U.S.C. § 314 ............................................................................................................................ 7

35 U.S.C. § 315(b) ........................................................................................................................ 7

35 U.S.C. § 315(e)(1) .................................................................................................................... 7

35 U.S.C. § 324(a) ........................................................................................................................ 7

35 U.S.C. § 324(c) ........................................................................................................................ 9

35 U.S.C. § 325(e)(2) .................................................................................................................... 7

35 U.S.C. § 326(a)(11) .................................................................................................................. 9

**Other Authorities**

157 Cong. Rec. S1323-S1326 .................................................................................................. 6, 8

**Rules**

W.D. Tex. Local R. CV-7(i) ......................................................................................................... 3

The unique circumstances here are likely a case of first impression for the Court.

First, the sole asserted '070 patent issued on March 17, 2020, and Kerr filed this lawsuit two (2) days later. Defendants quickly determined that most of the claims of the '070 patent are unambiguously anticipated by each of three separate prior art references that had not been considered by the USPTO, and all of the patent's claims are very likely to be cancelled in their entirety by the PTAB. For example, Claim 1 of the '070 patent reads identically on Blume '097:



Ex. 1 (PGR Petition) at 10, 39-41, & 52-59.

Second, the pending PTAB proceeding is a relatively uncommon Post-Grant Review ("PGR"), which is uniquely different from the far more routine Inter Partes Review (IPR) proceedings. Because PGRs are only permitted shortly after a patent issues, Congress intended for these just-issued patents to be reevaluated by the PTAB *before* "expensive litigation.":



**Congressional Record**

United States of America

PROCEEDINGS AND DEBATES OF THE 112th CONGRESS, FIRST SESSION

Vol. 157     WASHINGTON, MONDAY, MARCH 7, 2011     No. 33

**Senate**

MONDAY, MARCH 7, 2011

S1326     CONGRESSIONAL RECORD — SENATE     *March 7, 2011*

> Other reforms included in the bill will improve the quality of U.S. patents over the long term. The bill creates a ==new post-grant review== of patents, which can be sought within the first 9 months after the patent is issued and used to raise any challenge to the patent. ==This will allow invalid patents that were mistakenly issued by the PTO to be fixed early in their life, before== they disrupt an entire industry or ==result in expensive litigation==.

Ex. 2 (157 Cong. Rec. S1309, S1323-S1326) at S1309 & S1326 (emphases added). In addition, the estoppel effects for PGRs are significantly broader than they are for IPRs. Thus, the policy in favor of staying parallel litigation is considerably stronger for PGRs than for IPRs.

Third, *all* of the relevant factors support a stay in this case. The only accused product in the case – the ICON EVO product – is no longer being manufactured or sold. Kerr will not be

prejudiced or suffer any tactical disadvantage if this case is stayed in view of the PGR proceeding. This litigation is still at a very early stage: the parties have not completed any discovery or claim construction, and the Court has not yet expended significant resources becoming familiar with the asserted patent at issue. Further, the Western District of Texas is not a proper venue for two of the Vulcan Defendants – Holdings and Manufacturing – each of which has filed a motion to dismiss. And a stay will greatly simplify the issues and avoid duplication of effort here because the PGR challenges *all* of the asserted '070 patent's claims.

### A STAY IS UNIQUELY APPROPRIATE IN THIS CASE

I.  **Certification Pursuant To W.D. Tex. Local R. CV-7(i)**

Counsel for the parties have conferred in a good-faith attempt to resolve this matter by agreement. Counsel for the parties were unable to resolve this matter because Kerr does not agree with Vulcan's proposed stay of this case.

II. **All Of The '070 Patent's Claims Are Likely To Be Cancelled By The PTAB**

On May 26, 2020, about two (2) months after Kerr filed this lawsuit, Vulcan Manufacturing filed a highly detailed PGR Petition with the PTAB, seeking cancellation of the entirety of Kerr's '070 patent at issue in this lawsuit. Ex. 1. The PGR petition brings to the PTAB's attention three entirely different sets of highly material prior art, none of which was considered by the patent examiner during prosecution of the '070 patent. Each set of previously unreviewed prior art references discloses all of the claims of the '070 patent – and Kerr concealed at least one highly material reference in its possession from the patent examiner during the '070 patent's prosecution.[1]

The USPTO's statistics reveal that the PTAB institutes review of the majority of the

---

[1] Vulcan's separate lawsuit against Kerr in the Southern District of Texas arises in part from Kerr's inequitable conduct in prosecuting the '070 patent.

petitions that it receives (about 60% of the 2,223 IPR and PGR petitions filed between January 1, 2019 and June 30, 2020). While that statistic, standing alone, may not routinely justify a pre-institution stay, here the merits of the PGR petition are incredibly strong. As illustrated on page 1 above, the prior art Blume '097 patent readily anticipates most of the claims of the '070 patent, including both of the patent's independent claims (Claims 1 and 6) and 13 of the patent's dependent claims. *See* Ex. 1 at 7 & 52-68. The few remaining dependent claims are merely minor design choices and would have been readily obvious to a person of ordinary skill in the art ("POSITA"). *See id.* at 68-99.

Moreover, two additional prior art references each, standing alone, readily anticipate most of the '070 patent's claims:





Ex. 1 at 100-118 & 148-165. And as with the Blume '097 reference, the few remaining dependent claims are merely minor design choices that would have been readily obvious to a POSITA. *Id.* at 118-148 & 165-183.

As illustrated above, all three sets of prior art references disclose that (i) the endless grooves and seals can be located within the housing, and (ii) the reciprocating plunger and plurality of packing seals can be disposed within a tubular sleeve, the only two bases relied upon by the USPTO to allow the '070 patent to issue. *See id.* at 17. This is not a run-of-the-mill patent infringement case in which the merits of the defendant's patent validity challenge are nuanced and obscure, and in which the Court needs to consider complicated and conflicting expert testimony about what would have been obvious to a POSITA at the time of the claimed invention. Given the strength of Vulcan Manufacturing's validity challenge, it is very likely that the PTAB will institute the PGR proceeding, and thereafter cancel all of the '070 patent's claims in their entirety. This fact alone strongly favors a stay of this litigation while the PTAB conducts the PGR proceeding.

### III. Congress Specifically Created PGRs To Permit Early Patent Challenges *Before* Protracted Litigation Ensues

Congress intended for newly-issued patents to be promptly reevaluated by the PTAB to "allow invalid patents that were mistakenly issued by the PTO to be fixed *early in their life*, *before they* disrupt an entire industry or *result in expensive litigation*." Ex. 2 at S1326 (emphases added); *see* Ex. 3 (153 Cong. Rec. E773-E774) at E774 ("In an effort to address the questionable quality of patents issued by the USPTO, the bill establishes a check on the quality of a patent *immediately after it is granted* . . . . The post-grant procedure is designed to allow parties to challenge a granted patent through a[n] expeditious and *less costly alternative to litigation*.") (emphases added). Unlike an IPR, a PGR petition can only be filed within the first nine (9) months after a patent issues. Here, the USPTO issued Kerr's '070 patent on March 17, 2020; Kerr filed this lawsuit two

days later on March 19, 2020; and Vulcan Manufacturing filed its PGR petition on May 26, 2020, about two months thereafter and before any pleading (other than the Complaint) had been filed in this lawsuit. The fundamental policy undergirding Congress' creation of the PGR process strongly supports staying this case. Indeed, the entire purpose of the PGR procedure would be wholly frustrated if this lawsuit were not stayed.

Congress built in two measures to protect patent holders from potential abuse of the PGR process. First, the statute imposes a higher barrier to entry: the PTAB may only institute post-grant review when the petitioner "demonstrate[s] that it is more likely than not that at least 1 of the claims challenged in the petition is unpatentable." 35 U.S.C. § 324(a) (emphasis added). Second, after the PTAB institutes review and issues its final written decision, a petitioner is estopped from asserting in a civil action any ground "that the petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2). These potential consequences deter prospective petitioners from filing weak or marginal petitions for post-grant review.

By contrast, an IPR petition may be filed at any time – or within one year of being served with a complaint for patent infringement – but only on the grounds that the patent is not novel or is obvious in view of prior art. 35 U.S.C. §§ 311(b), 315(b). The threshold for instituting inter partes review is also lower: the petitioner must demonstrate only that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314 (emphasis added). If the PTAB reviews and cancels the claims in the IPR petition, the petitioners also are subject to narrower estoppel from asserting in a civil action any ground "that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(1).

These significant differences reflect Congress' intent to give the PTAB wide latitude to

cancel invalid patents that are challenged within 9 months of issuance through the post-grant review process. By limiting PGR proceedings to a 9-month window, Congress balanced the policy aims of ensuring that the USPTO issues only valid patents with the need to assure patent holders they will soon have some repose for their patents. The short time frame available to file PGR petitions evidences Congress' desire that post-grant review should occur **before** patent disputes "result in expensive litigation." 157 Cong. Rec. S1326.

## IV. All Of The Traditional Factors Strongly Favor A Stay Here

In evaluating whether to stay litigation in view of a pending PTAB petition, district courts typically consider "(1) whether the stay will unduly prejudice the nonmoving party or present a clear tactical disadvantage to the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Tinnus Enters. LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL, 2017 WL 379471, at *2 (E.D. Tex. Jan. 24, 2017) (internal citations omitted). All three factors weigh heavily in favor of staying this case.

### A. A stay will not unduly prejudice or tactically disadvantage Kerr

Courts examine four sub-factors in analyzing whether a plaintiff would suffer undue prejudice if its case were stayed pending a petition before the PTAB: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *RetailMeNot Inc. v. Honey Sci. LLC*, C.A. No. 18-937-CFC-MPT, 2020 WL 373341, at *3 (D. Del. Jan. 23, 2020). All four sub-factors show that Kerr would not suffer any undue prejudice or tactical disadvantage.

#### 1. Vulcan filed its PGR petition almost immediately after Kerr filed this lawsuit

The USPTO issued the '070 patent on March 17, 2020; Kerr filed this lawsuit on March

19, 2020, served Vulcan Holdings on April 7, 2020, and Vulcan Manufacturing filed its PGR petition on May 26, 2020, less than two months later. Vulcan Manufacturing's alacrity in filing its PGR petition demonstrates that it was not dilatory in pursuing PTAB review of the '070 patent.

### 2. This motion for stay is promptly filed.

Defendants filed this motion less than two months after Vulcan Manufacturing filed its PGR petition and while this case is still in its preliminary stages. The timing of Defendants' request for a stay also demonstrates that they do not have any dilatory or other improper motive.

### 3. Staying this case now will avoid duplicating the most burdensome stages of the litigation

On June 11, 2020, the Board accorded Vulcan's PGR petition a May 26, 2020 filing date. Thus, Kerr may file its preliminary response by September 11, 2020, and the PTAB will issue its institution decision by December 11, 2020. 35 U.S.C. § 324(c). Upon institution, the PTAB would then issue its final written decision by December 11, 2021. 35 U.S.C. § 326(a)(11).

Proceeding with this litigation will result in significant duplication of effort and expense of resources. Under the current joint scheduling order, Defendants will serve their invalidity contentions on August 13, 2020, with the parties beginning to exchange terms and claims for construction on August 27, 2020 – just two weeks before Kerr's preliminary response to the PGR petition is due. The *Markman* hearing is currently scheduled for December 3, 2020. However, the PTAB will decide whether to institute review very shortly after the *Markman* hearing, by which time the Court and the parties will have spent significant resources and time. Rather than proceed with the PGR and this case in parallel tracks with similar deadlines, staying this case now will promote judicial economy and simplify claim construction.

### 4. Kerr has many competitors in the fluid end industry

Vulcan Manufacturing no longer makes or sells the accused ICON EVO product.

Therefore, Kerr will not suffer any alleged erosion of market share or further purported damages during the pendency of the PGR proceeding. Any purported harm Kerr may have suffered has already occurred and can be remedied through money damages, if any.

### B. This case is still in its very early stages

This case is in its infancy – there has been no expert or fact discovery, including depositions, and the parties have not exchanged terms for construction or submitted their claim construction briefs. As discussed above, granting a stay at this preliminary juncture will conserve the resources of the Court and the parties by avoiding the most burdensome stages of the litigation. *See SZ DJI Tech. Co. v. Yuneec Int'l Co.*, No. CV 16-0595-BRO (KKX), 2016 WL 9114148, at *2 (C.D. Cal. Dec. 1, 2016).

### C. A stay will greatly simplify the issues in this lawsuit

Post-grant review can simplify or even dispose of this case completely because "[w]hen a claim is cancelled [by the PTAB], the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Tinnus Enters.*, 2017 WL 379471, at *2. The prospect for simplification is enhanced where, as here, the PGR petition is compelling and "*all* of the litigated claims are undergoing administrative review" since this case will be entirely moot if the PTAB cancels the '070 patent as requested. *Id.* (emphasis in original).

Once the PTAB institutes review, it must "address every claim the petitioner has challenged." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354–55 (2018). This means that "any conclusion that the PTAB reaches will have a likely effect on litigation by limiting the arguments [petitioner] can make regarding validity" due to the broad estoppel provisions applicable to unsuccessful petitions for post-grant review. *RetailMeNot, Inc.*, 2020 WL 373341, at *5. PTAB review of the '070 would massively simplify this case because, in all likelihood, all of the patent claims will likely be cancelled, and therefore this case will be entirely mooted.

Respectfully Submitted,

**REYNOLDS FRIZZELL LLP**

By:   /s/ *Jean Frizzell*
Jean C. Frizzell
State Bar No. 07484650
Federal ID: 14529
Jeremy L. Doyle
State Bar No. 24012553
Federal ID: 24559
Adi Sirkes
State Bar No. 24117059
Federal ID: 3513896
1100 Louisiana Street, Suite 3500
Houston, TX 77002
Phone: (713) 485-7200
Fax: (713) 485-7250
jfrizzell@reynoldsfrizzell.com
doyle@reynoldsfrizzell.com
asirkes@reynoldsfrizzell.com

**ATTORNEYS FOR DEFENDANTS VULCAN INDUSTRIAL HOLDINGS, LLC, VULCAN ENERGY SERVICES, LLC, AND CIZION, LLC d/b/a VULCAN INDUSTRIAL MANUFACTURING, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2020, a true and correct copy of the foregoing document was served electronically on all known counsel of record via CM/ECF.

/s/ *Jean Frizzell*
Jean Frizzell