IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KERR MACHINE CO., <br><br> Plaintiff, <br><br> v. <br><br> VULCAN INDUSTRIAL HOLDINGS, LLC, VULCAN ENERGY SERVICES, LLC, and CIZION, LLC d/b/a VULCAN INDUSTRIAL MANUFACTURING, <br><br> Defendant. | CIVIL ACTION NO. 6:20-CV-200-ADA <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' RENEWED MOTION TO STAY LITIGATION
PENDING THE OUTCOME OF THE INSTITUTED
POST-GRANT REVIEW PROCEEDING
<u>BEFORE THE PATENT TRIAL AND APPEAL BOARD</u>**

## TABLE OF CONTENTS

I. CERTIFICATION PURSUANT TO W.D. TEX. LOCAL R. CV-7(I) ............................... 2

II. ALL OF THE TRADITIONAL FACTORS STRONGLY FAVOR A STAY .................... 3

    A. A stay will not unduly prejudice or tactically disadvantage Kerr. ........................... 3

        1. The timing of Vulcan's request supports a stay. ........................................... 3

        2. Vulcan filed its original motion shortly after filing its PGR petition .......... 4

        3. Staying this case now will save unnecessary time and expense. ................. 4

        4. Vulcan no longer manufactures or offers for sale the accused product. ......................................................................................................... 5

    B. This case is still in its early stages. .......................................................................... 5

    C. A stay will greatly simplify the issues in this lawsuit. ............................................. 6

III. THE REASONS PREVIOUSLY IDENTIFIED BY THE COURT DO NOT JUSTIFY DENYING A STAY NOW .................................................................................. 8

IV. CONCLUSION .................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Arunachalam v. Int'l Bus. Machines Corp.*,
   759 F. App'x 927 (Fed. Cir. 2019) .................................................................................. 10

*Bloom Eng'g Co. v. North Am. Mfg. Co.*,
   129 F.3d 1247 (Fed. Cir. 1997)........................................................................................... 5

*British Telecommc'ns PLC v. IAC/InterActiveCorp.*,
   No. 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) ..................................... 6, 9

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
   No. 217CV00140WCBRSP, 2019 WL 11023976
   (E.D. Tex. Feb. 14, 2019) ................................................................................................... 5

*MCM Portfolio LLC v. Hewlett-Packard Co.*,
   812 F.3d 1284 (Fed. Cir. 2015).......................................................................................... 10

*Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*,
   138 S. Ct. 1365 (2018)....................................................................................................... 10

*RetailMeNot Inc. v. Honey Sci. LLC*,
   C.A. No. 18-937-CFC-MPT, 2020 WL 373341 (D. Del. Jan. 23, 2020) ....................... 3, 7

*SAS Inst., Inc. v. Iancu*,
   138 S. Ct. 1348 (2018)......................................................................................................... 6

*Sec. People, Inc. v. Lee*,
   No. 2016-2378, 2017 WL 1963332 (Fed. Cir. Feb. 23, 2017), *reh'g
   denied*, 2017 WL 1963330 (Fed. Cir. May 11, 2017), *cert. denied sub
   nom. Sec. People, Inc. v. Iancu*, 138 S. Ct. 1714 (2018) .................................................. 10

*Tinnus Enters. LLC v. Telebrands Corp.*,
   No. 6:15-cv-551-RC-JDL, 2017 WL 379471 (E.D. Tex. Jan. 24, 2017) ....................... 3, 6

**Statutes**

35 U.S.C. § 311(b) ...................................................................................................................... 7

35 U.S.C. § 314(a) ...................................................................................................................... 7

35 U.S.C. § 315(b) ...................................................................................................................... 7

35 U.S.C. § 315(e)(2) .................................................................................................................. 7

35 U.S.C. § 321(c) ...................................................................................................................... 7

35 U.S.C. § 324(a) .................................................................................................................. 7

35 U.S.C. § 325(e)(2) .............................................................................................................. 7

35 U.S.C. § 326(a)(11) ............................................................................................................ 4

**Rules**

W.D. Tex. Local R. CV-7(i) ................................................................................................... 2

**Other Authorities**

157 Cong. Rec. S1309, S1326 ................................................................................................ 6

The Patent Reform Act of 2007, 153 Cong. Rec. E773, E774 ............................................... 6

Vulcan Industrial Holdings, LLC, Vulcan Energy Services, LLC, and Cizion, LLC d/b/a Vulcan Industrial Manufacturing (collectively, "Vulcan") hereby renews its motion to stay this case pending resolution of Post-Grant Review ("PGR") of U.S. Patent No. 10,591,070 ("the '070 patent") because the unique and changed circumstances of this case warrant a stay:

1. On December 3, 2020, the PTAB instituted the PGR, finding "that the Petitioner has demonstrated that it is more likely than not" that a majority of the '070 patent claims are "unpatentable" under 35 U.S.C. § 102 as anticipated by Blume '097. *See* Ex. 1, Institution Decision at 55.[1] Reason number (1) stated in this Court's August 2, 2020 text order denying Vulcan's prior Motion to Stay (the "August Stay Order") therefore no longer applies.

2. The PTAB expressly stated that the information in the Petition demonstrates that most if not all claims of the '070 patent are unpatentable:

   > On the current record, we do not agree with Patent Owner that Petitioner's unpatentability arguments are weak. As described in detail below, we determine that the information presented in the Petition, if such information is not rebutted, demonstrates that most, if not all, Challenged Claims are unpatentable.

   *Id.* at 29. The institution decision thus strongly indicates that the '070 patent claims are unpatentable, and it would be inefficient to continue litigating infringement issues in civil court for a patent where "most, if not all, Challenged Claims are unpatentable."

3. If Kerr attempts to salvage the validity of the '070 patent claims through amendment during the PGR, that would introduce further inefficiencies in pursuing parallel litigation, especially where—as here—only past infringement is at issue.

4. The PTAB set oral argument in the PGR on September 1, 2021, three and a half weeks before the current trial date for this action. Ex. 2, Scheduling Order at 10. The

---

[1] As used herein, "Ex. __" refers to exhibits attached to the Declaration of Barry J. Herman, submitted in support of this motion.

circumstances of reason number (2) in the August Stay Order have therefore changed in that the PGR oral hearing will occur before the civil trial and the PGR final written decision could come before or after the current trial date for this case.

5. The prior art references that are the subject of the PGR will not be part of this lawsuit. The PTAB encourages parties petitioning for patent review to stipulate that they will not simultaneously pursue the same invalidity grounds before the PTAB and in civil litigation, and Vulcan agreed to so stipulate. Ex. 1 at 27-28. Trial of this case will not resolve the invalidity grounds that are before the PTAB (reason number (3) in the August Stay Order).

6. A stay of this action would not cause any prejudice to Kerr. This case involves a single patent and a single accused product that Vulcan no longer manufactures or offers for sale. The small amount in dispute weighs in favor of a stay to avoid unnecessary expense on the parties and burden on the Court.

7. All of the traditional factors that courts consider in connection with motions to stay in deference to PTAB proceedings favor a stay in this case. Based on the institution decision, it is more likely than not that either there will be no need for a civil trial or any such trial will be greatly simplified following the final PGR decision.

The unique circumstances of this case (including the strong indication of unpatentability based on anticipation, the fast PGR schedule, and the limited amount in dispute) warrant a stay that would allow the PGR to work as Congress intended—to rid the system of bad patents *before* those patents result in expensive litigation. Thus, in light of the changed circumstances since the Court's August Stay Order, Vulcan respectfully renews its request to stay this case pending resolution of the recently instituted PGR of the '070 patent.

I. **CERTIFICATION PURSUANT TO W.D. TEX. LOCAL R. CV-7(I)**

Counsel for the parties have conferred in a good-faith attempt to resolve this matter by

agreement, but Kerr does not agree with Vulcan's proposed stay of this case.

## II.    ALL OF THE TRADITIONAL FACTORS STRONGLY FAVOR A STAY

In evaluating whether to stay a case pending post-issuance review, district courts consider:

> (1) whether the stay will unduly prejudice the nonmoving party or present a clear tactical disadvantage to the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation.

*Tinnus Enters. LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL, 2017 WL 379471, at *2 (E.D. Tex. Jan. 24, 2017) (internal citations omitted). All three of the traditional stay factors weigh heavily in favor of staying this case.

### A.    A stay will not unduly prejudice or tactically disadvantage Kerr.

Courts examine four sub-factors in analyzing whether a plaintiff would suffer undue prejudice if their case were stayed pending post-issuance review: "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *RetailMeNot, Inc. v. Honey Sci. LLC*, C.A. No. 18-937-CFC-MPT, 2020 WL 373341, at *6-7 (D. Del. Jan. 23, 2020). All four sub-factors weigh in favor of a stay.

#### 1.    *The timing of Vulcan's request supports a stay.*

The USPTO issued the '070 patent on March 17, 2020; Kerr filed this lawsuit on March 19, 2020; Kerr served Vulcan on April 7, 2020; and Vulcan quickly filed its PGR petition on May 26, 2020, less than two months later. Vulcan's alacrity in filing its PGR petition demonstrates that Vulcan had no dilatory motive in requesting PTAB review of the '070 patent. As noted by the PTAB in instituting the '070 patent PGR:

> We also recognize that Petitioner diligently filed the Petition seven weeks after the complaint was served and just over two months after the '070 patent issued. We also consider the unique nature of a post-grant review, which sets a narrow, nine-month window, for challenging a newly–issued patent and the policies behind post-grant reviews.

Ex. 1 at 27 (internal citations and references deleted).

### 2.   *Vulcan filed its original motion shortly after filing its PGR petition.*

Vulcan filed its original motion to stay about two months after filing its PGR petition while this case was still in its preliminary stages. Vulcan promptly renewed its motion after the PTAB's December 3, 2020 institution decision. The timing of Vulcan's original and renewed requests for a stay also demonstrates that Vulcan does not have any dilatory or other improper motive.

### 3.   *Staying this case now will save unnecessary time and expense.*

The PTAB noticed institution of Vulcan's PGR on December 3, 2020. Ex. 1 at 1. Thus, the PTAB will issue its final written decision no later than December 3, 2021. 35 U.S.C. § 326(a)(11). Additionally, the PTAB has scheduled oral argument, if requested, for September 1, 2021 (Ex. 2 at 10) thereby opening a window for a possible earlier ruling prior to even the current trial date.

This case is still in its early stages and staying it now will save considerable time and expense. In light of the PTAB instituting Vulcan's PGR and stating that the evidence submitted demonstrates that most if not all of claims of the '070 patent are unpatentable, proceeding with this litigation will result in significant duplication of effort and expense. Final infringement and invalidity contentions are not due until February 18, 2021. D.I. 34 at 2. Merits fact discovery has only just begun and expert discovery has not yet begun. Staying this case now will prevent the parties from having to engage in expensive merits-based fact and expert discovery regarding infringement and invalidity grounds other than those at issue in the PGR, all of which would be moot if the final PGR decision confirms that the '070 patent claims are unpatentable.[2]

Similarly, if Kerr substantively amends the claims during the PGR to avoid a finding of

---

[2] Although Vulcan has agreed not to raise identical invalidity grounds in this case as those raised in the PGR, the parties still will have to retain experts and pursue discovery in both venues.

invalidity, Kerr would no longer have a basis to maintain this case because only allegations of past infringement are at issue. *See Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1249-50 (Fed. Cir. 1997). Thus, institution of the PGR introduces significant risks that proceeding with the litigation at this time will result in expenditure of unnecessary time and expense.

        **4.**    ***Vulcan no longer manufactures or offers for sale the accused product.***

While Kerr and Vulcan are competitors, the fluid end industry is large and well developed. Additionally, Vulcan no longer manufactures or offers for sale the accused ICON EVO product (Lawrie Decl. ¶ 5), and has only ever sold five (5) units of the accused product (*id.* ¶ 6). Kerr will not suffer any alleged erosion of market share or further purported damages during the pendency of the PGR. Any purported harm Kerr may have suffered has already occurred and can be remedied through money damages, if any. The limited and finite amount in dispute warrants a stay.

    **B.**    **This case is still in its early stages.**

This case now sits at an ideal time for a stay. The Court has completed claim construction, and merits fact discovery is just beginning. D.I. 34 at 2. In fact, Kerr filed a Second Amended Complaint on September 25, 2020, D.I. 38, and the parties served their respective Initial Disclosures only on December 10, 2020, D.I. 34 at 2. The parties are still months away from providing final infringement and invalidity contentions and from conducting expert discovery. *Id.* Thus, granting a stay at this preliminary juncture will conserve the resources of the Court and the parties by avoiding the most burdensome stages of the litigation. *See CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 217CV00140WCBRSP, 2019 WL 11023976, at *6-7 (E.D. Tex. Feb. 14, 2019).

Moreover, Vulcan Industrial Holdings, LLC, the only named defendant in the originally filed complaint, filed a motion to dismiss or transfer this case due to improper venue on May 27, 2020. D.I. 16. After Kerr amended its complaint to include allegations against Cizion, LLC d/b/a

Vulcan Industrial Manufacturing ("Vulcan Manufacturing") and Vulcan Energy Services, LLC, Vulcan Manufacturing filed its own motion to dismiss or transfer due to improper venue on July 22, 2020. D.I. 26. Both motions remain outstanding.

### C. A stay will greatly simplify the issues in this lawsuit.

Other courts have recognized that "[t]he most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *British Telecommc'ns PLC v. IAC/InterActiveCorp.*, No. 18-366-WCB, 2020 WL 5517283, at *9 (D. Del. Sept. 11, 2020). Here, Vulcan's PGR will simplify or even dispose of Kerr's infringement claim completely because "[w]hen a claim is cancelled [by the PTAB], the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Tinnus Enters.*, 2017 WL 379471, at *2 (citations omitted). The prospect for simplification is enhanced where, as here, the PGR petition is compelling and "*all* of the litigated claims are undergoing administrative review" since Kerr's claims will be moot if the PTAB grants Vulcan the relief it seeks. *Id.* Once the PTAB institutes review, it must "address every claim the petitioner has challenged"; here, all claims of the '070 patent. *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354–55 (2018).

PGRs are uniquely well-situated to simplify issues in parallel litigation, even as compared to other forms of post-issuance review because Congress envisioned PGRs as allowing for reevaluation of mistakenly issued patents early in their lives, before "expensive litigation":

> Other reforms included in the bill will improve the quality of U.S. patents over the long term. The bill creates a **new post-grant review** of patents, which can be sought within the first 9 months after the patent is issued and used to raise any challenge to the patent. **This will allow invalid patents that were mistakenly issued by the PTO to be fixed early in their life, before they** disrupt an entire industry or **result in expensive litigation**.

157 Cong. Rec. S1309, S1326 (daily ed. Mar. 7, 2011) (emphases added); *see also* The Patent Reform Act of 2007, 153 Cong. Rec. E773, E774 ("In an effort to address the questionable quality

of patents issued by the USPTO, the bill establishes a check on the quality of a patent *immediately after it is granted* . . . . The post-grant procedure is designed to allow parties to challenge a granted patent through a[n] expeditious and *less costly alternative to litigation*.") (emphases added).

As a trade-off, the estoppel effects for PGRs are significantly broader than for other types of post-issuance review, such as *Inter Partes* Reviews ("IPRs"). Both types of review preclude a petitioner from later asserting in a civil action any ground "that the petitioner raised or reasonably could have raised" during the review. 35 U.S.C. §§ 315(e)(2), 325(e)(2). But because the grounds that can be raised are significantly broader in a PGR—"on any ground" in a PGR, 35 U.S.C. § 321(b), versus "only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications" in an IPR, 35 U.S.C. § 311(b)—the estoppel that attaches to a PGR is correspondingly broader than that of an IPR. Thus, "any conclusion that the PTAB reaches will have a likely effect on litigation by limiting the arguments [petitioner] can make regarding validity" due to the broad estoppel provisions applicable to unsuccessful petitions for post-grant review. *RetailMeNot, Inc.*, 2020 WL 373341, at *5.

Additionally, patent challengers face a higher barrier to institution of a PGR: not only must the petition be filed within nine months of patent grant/issuance, but also the PTAB must find that the petitioner "demonstrate[d] that it is *more likely than not* that at least 1 of the claims challenged in the petition is unpatentable." 35 U.S.C. §§ 321(c), 324(a) (emphasis added). A petition for an IPR, by contrast, may be filed at any time—or within one year of being served with a complaint for patent infringement—and the petitioner need only demonstrate that "there is a *reasonable likelihood* that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. §§ 314(a), 315(b) (emphasis added). Thus, the fact that Vulcan's PGR has been instituted should weigh heavily in favor of a stay.

Indeed, in instituting review, the PTAB specifically found that "the information presented in the Petition, if such information is not rebutted, demonstrates that most, if not all, Challenged Claims are unpatentable." Ex. 1 at 29. Of note, prior to institution Kerr filed both a Patent Owner preliminary response and preliminary sur-reply attempting to rebut the evidence in Vulcan's petition and/or otherwise prevent the review of the '070 patent. *Id.* at 22. The "tubular sleeve" limitation of independent claims 1 and 6 was central to the parties' briefing and the PTAB's institution decision. As noted in the PTAB's discussion of whether one of the references raised by Vulcan (Blume '097) anticipates certain claims of the '070 patent, for all other limitations of claims 1 and 6—and for dependent claims 2-4, 7-12, 17, and 22-24—Kerr "does not dispute [Vulcan's] contention with respect to th[ose] limitation[s] at this time." *See* Ex. 1 at 47-55. And with respect to the "tubular sleeve" limitation, the PTAB—much like this Court—refused to require that the sleeve be "cylindrical." *Id.* at 51-52. Further, the PTAB determined that "Blume '097's packing cartridge discloses a 'tubular sleeve,' even under Patent Owner's proposed construction." *Id.*

### III.   THE REASONS PREVIOUSLY IDENTIFIED BY THE COURT DO NOT JUSTIFY DENYING A STAY NOW

The Court's August Stay Order identified five reasons for denying Vulcan's motion to stay:

(1)   The PTAB has not instituted the PGR.
(2)   Even if the PTAB institutes, the Court anticipates that the trial date will occur before the PGR's final written decision.
(3)   Allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages.
(4)   The Court believes in the Seventh Amendment.
(5)   Plaintiff opposes the stay.

Respectfully, none of these reasons justify denying Vulcan's renewed request for a stay.

Regarding the first reason, the PTAB has now instituted review of the PGR.

Regarding the second reason, there is no guarantee that the trial date will occur before the PGR's final written decision. The trial date has already been set and reset three different times in

this case. First, trial was set for August 2, 2021. D.I. 24. Shortly thereafter, trial was reset for September 7, 2021. D.I. 29. Then, at the December 3, 2020 Markman hearing, the Court indicated that trial would be set for September 27, 2021. Even this most recent date outpaces the Court's Order Governing Proceedings–Patent Case, which indicates that the Court's default practice is to set a trial date for "52 weeks after Markman hearing (or as soon as practicable)," D.I. 12 at 9, and which does not take into account the realities of the ongoing COVID-19 pandemic. *See, e.g., In re British Telecommc'ns*, 2020 WL 5517283, at *5 ("[I]n light of the COVID-19 pandemic, it seems highly unlikely that the present schedule will hold."). Although this Court has taken extraordinary and admirable measures to continue advancing its docket during these trying times, it is undeniable that the pandemic is causing massive delays and backlogs to civil jury trials. Within the last few days alone, worsening conditions have forced the Western District of Texas to once again delay civil and criminal jury trials, this time continuing all jury trials scheduled to begin through January 31, 2021. Ex. 3, Eleventh Supplemental Order Regarding Court Operations Under the Exigent Circumstances Created by the COVID-19 Pandemic. Even putting all of these issues aside, as noted by the PTAB in exercising its discretion to institute review, "the scheduled trial date is not so close to ensure that the trial will begin prior to [its] final written decision." Ex. 1 at 30.

Regarding the third reason, suggesting that a trial in this case would provide "a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages" turns the traditional stay factors on their head. Deciding all such issues may provide a "more complete resolution," but that is not the relevant inquiry. If it were, then a stay pending post-issuance review would never be appropriate in a patent infringement case, because the PTAB cannot decide issues related to infringement or damages. But as expressed in the traditional stay factors, the proper question is whether granting a stay would *simplify* issues in the litigation.

*Tinnus Enters.*, 2017 WL 379471, at *2. And as shown above, here it undoubtedly would.

Regarding the fourth reason, staying this case during the PGR would not be an affront to the Seventh Amendment right to a jury trial. If the PTAB ultimately determines that any claims of the '070 patent are patentable, Kerr's infringement claims will still proceed to a jury trial. If the PTAB invalidates all of the asserted claims of the '070 patent, there would be no jury trial, but there is no constitutional right to a jury trial on invalid claims of a patent. *See Arunachalam v. Int'l Bus. Machines Corp.*, 759 F. App'x 927, 932-33 (Fed. Cir. 2019). The Seventh Amendment concerns should not factor into the analysis in considering a motion to stay. *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1379 (2018) ("Because inter partes review is a matter that Congress can properly assign to the PTO, a jury is not necessary in these proceedings."); *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1289-93 (Fed. Cir. 2015) ("Because patent rights are public rights, and their validity susceptible to review by an administrative agency, the Seventh Amendment poses no barrier to agency adjudication without a jury." ), *cert. denied*, 137 S. Ct. 292 (2016); *see also Sec. People, Inc. v. Lee*, No. 2016-2378, 2017 WL 1963332, at *1-2 (Fed. Cir. Feb. 23, 2017), *reh'g denied*, 2017 WL 1963330 (Fed. Cir. May 11, 2017), *cert. denied sub nom. Sec. People, Inc. v. Iancu*, 138 S. Ct. 1714 (2018).

Finally, regarding the fifth reason, Kerr's opposition to a stay here is a factor common to any motion to stay pending post-issuance review requiring adjudication by a district court. Thus, Kerr's opposition should be considered irrelevant as compared to the traditional stay factors.

## IV.   CONCLUSION

For the reasons herein, Vulcan respectfully requests that the Court stay this case pending the resolution of Vulcan's PGR of the '070 patent.

Dated: December 16, 2020

Respectfully submitted,

/s/ *Jean C. Frizzell*
Jean C. Frizzell
State Bar No. 07484650
Federal ID No. 14529
Jeremy L. Doyle
State Bar No. 24012553
Federal ID No. 24559
Adi Sirkes
State Bar No. 24117059
Federal ID No. 3513896
**REYNOLDS FRIZZELL LLP**
1100 Louisiana, Suite 3500
Houston, Texas 77002
Email: jfrizzell@reynoldsfrizzell.com
Email: doyle@reynoldsfrizzell.com
Email: asirkes@reynoldsfrizzell.com
Telephone: (713) 485-7200
Facsimile: (713) 485-7250

Jeffrey S. Whittle
Texas Bar No. 24037813
Joshua P. Davis
Texas Bar No. 24059626
811 Main St., Suite 3130
Houston, Texas 77002
**WOMBLE BOND DICKINSON (US) LLP**
Email: Jeffrey.Whittle@wbd-us.com
Email: Joshua.P.Davis@wbd-us.com
Telephone: (713) 998- 7859

Barry J. Herman (*Pro Hac Vice*)
100 Light St., 26th Floor
Baltimore, MD 21202
**WOMBLE BOND DICKINSON (US) LLP**
Email: Barry.Herman@wbd-us.com
Telephone: (410) 545-5830
Facsimile: (410) 769-1530

***Attorneys for Defendants Vulcan Industrial Holdings, LLC, Vulcan Energy Services, LLC, and Cizion, LLC d/b/a Vulcan Industrial Manufacturing***

-11-WBD (US) 50939961v6

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

DATED: December 16, 2020           /s/ *Jeremy L Doyle*
                                               Jeremy Doyle