**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KERR MACHINE CO., <br><br>   Plaintiff, <br>v. <br><br>VULCAN INDUSTRIAL HOLDINGS, LLC, VULCAN ENERGY SERVICES, LLC, and CIZION, LLC d/b/a VULCAN INDUSTRIAL MANUFACTURING, <br><br>   Defendant. | CIVIL ACTION NO. 6:20-CV-200-ADA <br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' RENEWED MOTION TO STAY LITIGATION

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

    I.       The Traditional Factors Favor Denying The Stay ................................................... 1

           A.      A stay will unduly prejudice and tactically disadvantage Kerr ................... 2

           B.      The case is no longer in its early stages ....................................................... 3

           C.      A stay only simplifies the issues if Vulcan prevails .................................... 4

    II.      Only One Of The Court's Previously Identified Reasons Has Changed ................ 6

CONCLUSION ................................................................................................................................ 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aylus Networks, Inc. v. Apple, Inc.*,
  No. C-13-4700 EMC, 2014 WL 5809053 (N.D. Cal. Nov. 6, 2014)..........................1

*Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*,
  A-12-CV-644-LY, 2014 WL 12570609 (W.D. Tex. Feb. 10, 2014)..........................4

*Jumpsport, Inc. v. Acad., Ltd.*,
  6:17-CV-00414-RWS, 2018 WL 10124887 (E.D. Tex. July 13, 2018) ....................4

*Soverain Software LLC v. Amazon.com, Inc.*,
  356 F. Supp. 2d 660 (E.D. Tex. 2005)......................................................................2

*Viskase Corp. v. Am. Nat. Can Co.*,
  261 F.3d 1316 (Fed. Cir. 2001).................................................................................1

*Wyeth v. Abbott Labs.*,
  CIV.A. 09-4850 JAP, 2011 WL 380902 (D.N.J. Feb. 1, 2011).................................4

**Statutes**

35 U.S.C. § 326(a)(11)...........................................................................................................2

**Other Authorities**

U.S. Const. Amend VII..................................................................................................6, 7

Fed. R. Civ. P. 30(b)(6)..........................................................................................................2

# INTRODUCTION

On July 31, 2020, Defendants Vulcan Industrial Holdings, LLC, Vulcan Energy Services, LLC, and Cizion, LLC d/b/a Vulcan Industrial Manufacturing (collectively referred to as "Vulcan"), filed a Motion to Stay Litigation. The Court promptly denied the Motion on August 2, 2020, listing five reasons for its decision. On December 16, 2020, Vulcan filed the present Renewed Motion to Stay.

Very little has changed regarding Kerr's need to vindicate its rights and its entitlement to a jury trial. Vulcan points to the PTAB's recent institution decision as dispositive, but the "court is not required to stay judicial resolution in view of the reexaminations." *See Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). Moreover, by its express terms, the PGR decision makes clear Vulcan is **unlikely** to prevail on all claims, thus the PGR proceedings will not moot the need for a trial in this case. Additionally, four of the five reasons the Court relied upon in denying Vulcan's last stay motion have not changed. Those reasons continue to outweigh any benefits of staying this case in favor of the PGR and depriving Kerr of its day in court. The Court should deny the Renewed Motion to Stay.

## I.     The Traditional Factors Favor Denying The Stay

Vulcan asserts the PTAB's decision to institute a post-grant review requires this case to be stayed. But the "[C]ourt is under no obligation to delay its own proceedings where parallel litigation is pending before the PTAB." *Aylus Networks, Inc. v. Apple, Inc.*, No. C-13-4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014) (citation omitted). The Court has done an excellent job of moving this case to trial and the traditional stay factors confirm the case should remain on that path.

The courts of the Fifth Circuit generally consider several factors in deciding whether to grant a stay: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Just as they did the last time Vulcan asked this Court for a stay, the traditional stay factors support denying Vulcan's motion.

### A. A stay will unduly prejudice and tactically disadvantage Kerr

Staying the case would be highly prejudicial for Kerr and would present a clear tactical disadvantage for Kerr.

This is a suit between competitors and Kerr seeks an injunction. Vulcan claims through a self-serving affidavit that Vulcan has only sold five infringing products and has already discontinued it and is no longer for sale. Lawrie Declaration at 2. But there is good reason to doubt the veracity of the declaration. First, during a deposition of Vulcan under FRCP 30(b)(6), ████████████████████████████████████████████████████████████ And in response to Vulcan's jurisdictional Interrogatory No. 1, Vulcan indicated it had an additional four fully-assembled accused fluid ends sitting in a Midland, Texas warehouse ready for sale. Exh. 2. On December 11, Kerr served discovery on the precise number of unassembled accused products that Vulcan currently has in its possession and expects to find significantly more than four total fluid ends. Without a permanent injunction, Vulcan will be free to bring its remaining stock back to market whenever it chooses.

Moreover, the deadline for the PTAB to present its final decision is December 3, 2021.[1] Vulcan is asking the Court to stay the case for 11.5 months, until that decision is reached. During

---

[1] The PGR was instituted on December 3, 2020. The deadline for the final written decision is one year later, December 3, 2021. 35 U.S.C. § 326(a)(11). Vulcan suggests that the oral argument date of September 1, 2021 opens

2

the period when the case would be stayed, Vulcan would be under no obligation to further litigation by producing documents, providing witnesses, providing expert reports, or any other commonly used tactics of litigation. Staying the case simply because a PGR petition has been instituted would stop discovery and purposelessly delay the Court's resolution for no benefit to anyone other than Vulcan and its desire to slow the resolution of this case to Kerr's detriment. Any delay in this case only exacerbates the harm Kerr has suffered and prolongs the uncertainty in Kerr's competitive relationship with Vulcan.

In contrast to the obvious prejudice to Kerr, Vulcan only presents the Court with illusory time and expense savings. Such savings can only be realized if Vulcan prevails *on every one of the 24 claims* at issue in the PGR proceedings. Should Kerr prevail on at least *one claim*, Vulcan's stay will have unnecessarily delayed trial and prejudiced Kerr.

Another factor that Vulcan ignores is that ongoing discovery is a mechanism that can move the parties closer to a settlement, should the parties so desire. Settlement would provide a way for both parties to save time and expenses by ending the litigation and determining any future licensing activities that could occur between the parties. Delaying the litigation by nearly a year does not serve to encourage a settlement and allows Vulcan to boost its own reputation through its continued use of Kerr's patented technology. Indeed, before Vulcan's motion, the parties were actively engaged in settlement discussions.

B. **The case is no longer in its early stages**

Vulcan asserts that the case is still "in its early stages." Motion at 5. Simple math shows that is not the case. The case was filed on March 19, 2020, which is 279 days before today's date.

---

a window for an earlier ruling, but provides no such support for an assertion. That assertion ignores the fact that the oral argument date actually ***lengthens*** the time for which a decision will be made. The September 1, 2021 date provides a later date at which arguments will be presented than would otherwise be present. Without an oral argument, it is likely that a decision would be promulgated sooner.

The jury trial is scheduled to begin on September 27, 2021, which is 278 days after today's date. Thus, the timeline of the case is over halfway complete. The claim construction portion of the case is complete. Kerr has already served extensive written discovery and Vulcan's responses are due in a few weeks. Overall, fact discovery will be complete in only four months.

Courts regularly measure the early stages of a case by whether the parties have started discovery and whether the court has issued a claim construction order. *Cf. Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*, A-12-CV-644-LY, 2014 WL 12570609, at *3 (W.D. Tex. Feb. 10, 2014) ("This case is in its early stages; a claim-construction order has not be rendered, discovery has not begun, and a scheduling order has not been rendered."); *Jumpsport, Inc. v. Acad., Ltd.*, 6:17-CV-00414-RWS, 2018 WL 10124887, at *2 (E.D. Tex. July 13, 2018) (denying a stay because it "would delay this case and Plaintiff's enforcement of its rights" after the case was "already proceeding well into discovery and claim construction briefing had been filed"); *See also Wyeth v. Abbott Labs.*, CIV.A. 09-4850 JAP, 2011 WL 380902 at *4 (D.N.J. Feb. 1, 2011) (holding case not in early stages because "discovery is underway and claim construction proceedings will take place in the coming months"). This case is well beyond the early stages.

### C. A stay only simplifies the issues if Vulcan prevails

Vulcan asserts that the case will be simplified because all of the claims are undergoing administrative review. Vulcan fails to acknowledge that, should Kerr prevail on even a single claim, the present district court case will still proceed. In such a case, the delay only serves to unfairly prejudice Kerr by delaying resolution of the case by a year.

In addition, Vulcan exaggerates the PTAB's statements in the institution of the PGR and overlooks the fact that the PTAB indicated it is **unlikely to dispose of all claims**. The PTAB only stated that Vulcan is "likely to prevail" on a **minority** of the asserted grounds. Motion Exhibit 1 (concluding, out of 9 grounds of invalidity, 4 grounds were deficient and 2 grounds were unclear).

4

Importantly, even assuming Vulcan ultimately prevails on the three grounds preliminarily identified by the PTAB, **claims 5, 15, 16, 18, and 19 would remain undisturbed.** Thus even on Vulcan's best day in front of the PTAB, Vulcan will not moot the need for a trial in this case.

Furthermore, Kerr did not make detailed arguments with respect to many of the claims, as Kerr primarily addressed only the independent claims in its Preliminary Response. Once Kerr fully responds on all the claims, Kerr expects to prevail on most, if not all of those grounds as well.

Vulcan also fails to point out that the PTAB's analysis hinges on what Kerr contends is an obvious error, one that this Court's claim construction order avoided. The PTAB jettisoned both parties' proposed constructions for the term tubular sleeve in favor of its own construction. Both parties, and this Court, recognized that a tubular sleeve must be *at least* substantially cylindrical. The '070 itself distinguishes between cylindrical and conical sleeves. *See* Exh. 3 ['070 Patent] at 4:35-40 (describing inserts 106a' and 106b' as "segments of an open hollow cylinder instead of the inserts 106a, 106b in FIG. 1 that are segments of an open hollow cone. In other words, the conical surfaces in FIG. 1 are replaced here with cylindrical surfaces."). Even the Blume reference relied upon by the panel in its prior art analysis distinguishes between cylindrical and conical sleeves and expressly opts for *conical* sleeves. *See* U.S. Patent 7,186,097 ("other embodiments of tapered cartridge packing and gland nut assemblies of the present invention also provide for easy removal of a plunger as above. For example, tapered cartridge packing and gland nut assembly 60′ (shown in partial cross-section in FIG. 12B) is similar to assembly 60 but differs in that the substantially coaxial right cylindrical outer surface 80 has been replaced by a proximal extension of conically tapered substantially coaxial outer surface 63, the extended conically tapered surface being labeled 63′′′"). However, the panel came up with its own contradictory construction for "tubular sleeve" in the '070 that totally erases the cylindrical nature of the invention. *See* Motion Exhibit 1 at 42

(defining tubular sleeve to mean "open or hollow enclosure"). Kerr intends to challenge what it believes is a flawed construction in the PGR proceedings.

Thus Vulcan is incorrect to claim that the PGR proceedings likely moots the need for a trial in this case. Indeed, this Court will need to address claims 5, 15, 16, 18, and 19, which were not implicated by any of the grounds on which the PTAB preliminarily determined Vulcan is likely to succeed. Motion Exhibit 1.

## II.     Only One Of The Court's Previously Identified Reasons Has Changed

Vulcan fails to distinguish this Court's reasoning for denying Vulcan's last stay motion, which the Federal Circuit affirmed:

> (1) The PTAB has not instituted the PGR.
> (2) Even if the PGR institutes, the Court anticipates that the trial date will occur before the PGR's final written decision.
> (3) Allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages.
> (4) The Court believes in the Seventh Amendment.
> (5) Plaintiff opposes the stay.

The only factor that has changed since the Court's August 2 ruling is the first factor. The remaining factors still support denying Vulcan's motion.

Regarding the second factor, Vulcan states that there is no guarantee that the trial date will occur before the PGR's final written decision. The statutory deadline for the PGR's final written decision is December 3, 2021, 67 days after the scheduled start of the jury trial in the present case. The present case could be delayed as long as two months and still reach a final judgment before the PTAB releases its final written decision. And even that timeline assumes *no* changes to the PGR schedule, which seems unlikely.

The Court was obviously well aware of the stage of the litigation and whether a trial date has been set when it stated, "[e]ven if the PTAB institutes, the Court anticipates that the trial date

6

will occur before the PGR's final written decision." August 2 Order. In terms of timing, nothing has materially changed since the Court made that observation in August. Vulcan attempts to cast this aside by calling it "speculative" and conjuring the specter of Covid-19, which was also in full force at the time of the Court's August 2 Order. Moreover, the Court is in the best position to determine what constitutes a realistic trial date, which it set after the pandemic began.

Regarding the third factor, it is clear that a jury trial provides a more complete resolution of the case. A PGR cannot determine issues such as infringement, other grounds of invalidity not before the PTAB, damages, and other issues present in the case, such as counterclaims.[2] In contrast, the PGR can simplify issues only if Vulcan prevails on the merits *on all of the pending claims*. As pointed out above, the PTAB has already stated that Vulcan is unlikely to prevail on numerous grounds it asserted. *See, e.g.*, Motion Exhibit 1 at 61 ("We have considered Patent Owner's argument and determine that it is sufficient at this stage of the proceeding to demonstrate a deficiency in Petitioner's position. On the current record and based on our preliminary construction of the term "therethrough," we determine that Petitioner has not established that Blume '012's second conduit extends from one side or surface of the housing to the opposing side or surface of the housing.").

Regarding the fourth reason, staying the case during the PGR would be an affront to Kerr's Seventh Amendment right to a jury trial. U.S. Const. Amend VII.

Regarding the fifth reason, Plaintiff remains opposed to the stay.

## CONCLUSION

This Court should deny Vulcan's Motion to Stay Litigation.

---

[2] Vulcan asserted eight counter claims in its answer. ECF 25. At least six of the claims are unrelated to the validity of the '070 patent.

7

<table>
<tr><td>Dated: December 23, 2020</td><td>By: <u>/s/ *Brian D. Melton*</u><br>Brian D. Melton (Texas 24010620)<br>Rocco Magni (Texas 24092745)<br>Daniel A. Wilson (Texas 24070859)<br>Thomas V. DelRosario (Texas 24110645)<br>(*pro hac vice*)<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br>Tel: (713) 651-9366<br>Fax: (713) 654-6666<br>bmelton@susmangodfrey.com<br>dwilson@susmangodfrey.com<br>rmagni@susmangodfrey.com<br>tdelrosario@susmangodfrey.com</td></tr>
</table>

**COUNSEL FOR KERR MACHINE CO.**

## CERTIFICATE OF SERVICE

I certify that all counsel of record deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

<u>/s/ *Brian D. Melton*</u>
Brian D. Melton