**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **KERR MACHINE CO.,** §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>**VULCAN INDUSTRIAL** §<br>**HOLDINGS, LLC, VULCAN** §<br>**ENERGY SERVICES, LLC, and** §<br>**CIZION, LLC d/b/a VULCAN** §<br>**INDUSTRIAL MANUFACTURING,** §<br>*Defendants.* § | **CASE NO. 6-20-CV-00200-ADA** |

**ORDER DENYING MOTION TO STAY**

Before the Court is Defendants' Vulcan Industrial Holdings, LLC, Vulcan Energy Services, LLC, and Cizion, LLC d/b/a Vulcan Industrial Manufacturing's (collectively "Vulcan") Motion to Stay. ECF No. 56. Plaintiff Kerr Machine Co Ltd. ("Kerr") filed a timely Response to the Motions on December 23, 2020. ECF No. 58. The Court has considered the Motion, all relevant filings, and the applicable law. For the reasons set forth below, the Court finds that Defendants' motions should be **DENIED**.

**I.     BACKGROUND**

Kerr filed suit against Vulcan alleging patent infringement on March 19, 2020. ECF No. 1. On July 31, 2020, Vulcan filed a Motion to Stay Litigation which the Court denied on August 2, 2020, listing five reasons for its decision. Those five reasons were: (1) The PTAB has not instituted the Post-Grant-Review ("PGR"), (2) even if the PTAB institutes, the Court anticipates that the trial date will occur before the PGR's final written decision, (3) allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages, (4) the Court believes in the Seventh Amendment, and (5) Plaintiff opposes the stay.

1

On December 16, 2020, Vulcan filed the present Renewed Motion to Stay citing the PTAB's institution of the PGR on December 3, 2020. ECF No. 56 at 5. Vulcan asserts that the first reason for denial of its first motion to stay no longer applies, thus a stay should be granted. The PTAB set oral argument in the PGR on September 1, 2021, which is three and a half weeks before the current trial date in the instant case. ECF No. 34 at 10. Vulcan filed this motion to stay the above styled case arguing that the legal factors weigh in favor of staying the case until the PTAB resolves the other claims. *Id.* at 7–12. Kerr's response argued the factors weigh against staying this case because staying the case could prejudice Kerr and a final written decision in the PGR could happen after a final judgment is reached in the instant case. ECF No. 58 at 6–7.

## II.   LEGAL STANDARD

Whether to stay a case falls within the Court's inherent discretional authority. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.") (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). Determining whether to issue a discretionary stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Ultimately, the proponent has the burden to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (quoting *Landis*, 299 U.S. at 255). "[W]hen granting a stay pending resolution of another case, the court must consider the time expected for resolution of that case. The resultant stay must not be of immoderate or indefinite duration." *Clark v. Southwest Airlines Co.*, No. 1:16-CV-910-RP, 2017 WL 1435762, at *2 (W.D. Tex. Apr. 21, 2017) (citations omitted). In determining

whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) *citing Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018).

### III.   ANALYSIS

**A. Kerr would be unduly prejudiced if the Court granted the Motion to Stay.**

The Court first considers the potential prejudice to the non-moving party. Vulcan argues Kerr would not be unduly prejudiced if the Court granted the motion to stay. ECF No. 56 at 7–9. Citing *RetailMeNot, Inc. v. Honey Sci. LLC*, Vulcan references four sub-factors to analyze the prejudice, if any, that Kerr would experience. *Id*. Those factors are "(1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *RetailMeNot, Inc. v. Honey Sci. LLC*, C.A. No. 18-937-CFC-MPT, 2020 WL 373341, at *6-7 (D. Del. Jan. 23, 2020).

Vulcan addressed the factors in sequence stating that 1) Vulcan filed its PGR petition quickly, 2) Vulcan filed its original motion for stay shortly after filing its PGR petition, 3) staying this case would save the parties time and expense, and 4) while Kerr and Vulcan are competitors, Kerr will not suffer erosion of market share during pendency of the PGR. ECF No. 56 at 7-9.

Kerr responded by stating that staying the case would only delay the Court's resolution of this case "for no benefit to anyone other than Vulcan," Vulcan may bring remaining stock to market during the injunction, any time and expense savings would be illusory unless Vulcan prevailed on all 24 claims at issue in the PGR proceedings, and any progress toward settlement would be hindered by staying on going discovery. ECF No. 58 at 2–3.

Though the Court finds the District of Delaware's decision in *RetailMeNot* persuasive, it is not controlling. As the Court delineated in its August 2, 2020 text order, the Court believes that allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages. Further, the Court sees the pursuit of a stay as a delay tactic that would only benefit Vulcan. Thus, the Court finds that Kerr, the non-moving party, would be unduly prejudiced by granting the stay.

**B. Vulcan would not suffer a clear hardship or inequity should the case proceed.**

Considering the possibility of harm to Vulcan, Defendants must show a clear hardship or inequity should the case proceed. *Davis*, 730 F.2d at 178. Vulcan indirectly argues that they would suffer hardship due to incoming "burdensome stages of litigation" and denial of the stay would stifle the PGR's ability to simplify issues in this lawsuit. ECF No. 56 at 9 and 10.

Regarding Vulcan's mention of the upcoming "burdensome stages of litigation," Kerr responds by saying that, at the time of their response, they already served extensive written discovery and fact discovery will conclude around in early May of this year. ECF No. 58 at 4. At the time of this Order, the parties are less than a month away from the close of fact discovery so staying the case at this point would not alleviate any of what Kerr refers to as the "burdensome stages of litigation."

The Court recognizes that "[w]hen a claim is cancelled [by the PTAB], the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." *Tinnus Enters. LLC v. Telebrands Corp.*, No. 6:15-cv-551-RC-JDL, 2017 WL 379471, at *2 (E.D. Tex. Jan. 24, 2017). This assumes Vulcan prevails on all of their claims before the PTAB and a final written decision would be issued before a final judgment is entered by this Court. Both of the above are disputable, and, even though the instant litigation *might* be simplified,

Vulcan invited this added complexity by unilaterally seeking parallel litigation in the PTAB. Thus, any hardship Vulcan may experience will be of its own creation. As mentioned above, allowing this case to proceed to completion in this Court will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages, all without a PGR.

### C. Judicial economy warrants denying the stay.

Vulcan alleged, at the time of its motion, that this case was still in its early stages, thus a stay would preserve the Court's resources. ECF No. 56 at 9. But, at the time of Vulcan's motion, the parties were beyond claim construction and had already begun case discovery. Courts regularly measure the early stages of a case by whether the parties have started discovery and whether the court has issued a claim construction order. *Cf. Freescale Semiconductor, Inc. v. Amtran Tech. Co., Ltd.*, A-12-CV-644-LY, 2014 WL 12570609, at *3 (W.D. Tex. Feb. 10, 2014) ("This case is in its early stages; a claim-construction order has not be rendered, discovery has not begun, and a scheduling order has not been rendered."). Since the claim construction hearing and the issuance of a claim construction Order, the Court has conducted two discovery hearings and is five months away from trial. Though staying the case for resolution by the PTAB would preserve some Court's resources, this Court has expended considerable time and effort to get this case resolved – to stay the case now would squander those efforts. Thus, judicial economy warrants denying the stay.

## IV.   CONCLUSION

Considering the above, the Court concludes that neither the facts of this case nor relevant case law support granting Vulcan's Motion to Stay. Granting the motion would both work prejudice against Kerr and compromise judicial economy. Further, Vulcan has not demonstrated a clear hardship or inequity in allowing the case to proceed. The Court lastly reiterates the applicable reasons that remain for denying the stay: (1) the Court anticipates that the trial date

5

will occur before the PGR's final written decision, (2) allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages, (3) the Court believes in the Seventh Amendment, and (4) Plaintiff opposes the stay.

Based on the foregoing, Defendant's Motion to Stay is **DENIED**.

**SIGNED** this 7th day of April, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE